■ In the Matter of the Claim of ROSE WARGA, Respondent, v. H. C. BOHACK COMPANY, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and carrier from an award of death benefits made by the Workmen's Compensation Board. Appellants raise the issues of accident and causal relationship. Decedent was a meat cutter who worked from 9:00 A.M. to 9:00 P.M. cutting meat for self-service counters. Ordinarily his work consisted of reducing sizable cuts of meat to smaller cuts and handling chickens. On April 10, 1958, in the forenoon, decedent lifted a hindquarter of beef weighing approximately 150 pounds from a hook and had to carry it a short distance to another location. Such an operation was not ordinarily a part of his job. At noon a coworker observed the decedent sitting in a back room. He had not eaten his lunch and complained that he did not feel good, and the coworker observed that he looked pale and moved slowly. Decedent remained on the job for the remainder of the workday, however, and on his way home told a neighbor about lifting the heavy piece of meat and mentioned that he did not feel good. He told his father-in-law about lifting the quarter of beef, of pain in his chest, and said the pain was getting worse. At 3:00 A.M. the following morning he told his wife that he had a " terrific pain " in his chest from lifting beef. He was hospitalized and died at 4:15 P.M. the following day. The final diagnosis was " infarction of myocardium from coronary thrombosis." Appellants argue that there are no circumstances or other evidence corroborating the above hearsay statements, and complain that decedent did not immediately report to any coworker or to the employer that he had suffered an accident. The record discloses that a coworker actually observed him lifting and carrying the quarter of beef, observed that he looked pale and moved slowly, did not eat his lunch, and that he complained of not feeling well. These direct observations at the scene of the work are adequate corroboration, and there are no requirements in the law that the decedent accurately and immediately diagnose his ill feeling and report the details. There is substantial medical evidence that lifting the meat triggered the heart attack which was aggravated by the continuance of work and that the effort contributed to decedent's death. Award unanimously affirmed, with costs to the Workmen's Compensation Board.